UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| ROY D. WOLFE,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF INDIANA c/o Mike Braun, AFC TRUCK CENTER LLC c/o Steveen Maly, STEVEN MALY, individually and as co-owner of AFC Transport and AFC Logistics, KATIE MINASYANN, individually and as co-owner of AFC Transport and AFC Logistics, as DUSTIC GRISWOLD, individually and as operations manager of AFC Transport,<br><br>Defendants. | CAUSE NO.: 2:25-CV-350-TLS-APR |

**OPINION AND ORDER**

This matter is before the Court on pro se Plaintiff Roy D. Wolfe's Denial of Order [ECF No. 6], which the Court construes as a Motion for Reconsideration of the Court's December 4, 2025 Order [ECF No. 4] dismissing the instant action without prejudice for failure to have process issued and service made on Defendants AFC Truck Center LLC, Dustic Griswold, State of Indiana, Steven Maly, and Katie Minasyann within ninety (90) days from the filing of the Complaint [ECF No. 1]. A Clerk's Entry of Judgement was entered on December 4, 2025. The Court considers the instant motion to have been brought pursuant to Federal Rule of Civil Procedure 59(e) because the Plaintiff appears to make arguments for reconsideration based on errors of law and facts. *See Obriecht v. Raemisch*, 517 F.3d 489, 493 (7th Cir. 2008) ("[I]t is the substance, rather than the form, of a post-judgment motion that determines the rule under which it should be analyzed."). For the reasons set forth below, the Court denies the Plaintiff's motion.

"Rule 59(e) allows a court to alter or amend a judgment only if the [plaintiff] can demonstrate a manifest error of law or present newly discovered evidence." *Id*. at 494. "A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (citation omitted). "Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc*., 90 F.3d 1264, 1270 (7th Cir. 1996). "To support a motion for reconsideration based on newly discovered evidence, the moving party must show not only that this evidence was newly discovered or unknown to it until after the [decision], but also that it could not with reasonable diligence have discovered and produced such evidence [during the pendency of the motion]." *Id*. at 1269 (cleaned up).

In this case, the Plaintiff has not justified reconsideration of the Court's order dismissing the instant case without prejudice. The Plaintiff does not identify any controlling precedent that the Court disregarded, misapplied, or failed to recognize in its analysis of the Plaintiff's failure to have process issued and service made on the Defendants AFC Truck Center LLC, Dustic Griswold, State of Indiana, Steven Maly, and Katie Minasyann within ninety (90) days from the filing of the Complaint. Notably, the Plaintiff does not cite any controlling precedent related to dismissing a case based on the failure to issue process and make service of a complaint in a civil action. Nor does he identify any justification for not having issued process or made service on the Defendants. Therefore, the Plaintiff has not provided a basis for reconsideration of the Court's order dismissing the instant case.

Accordingly, the Court hereby DENIES the relief requested in the Plaintiff's Denial of Order [ECF No. 6].

SO ORDERED on January 22, 2026.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
